UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-00046-JRG-4 |
| | ) | |
| JOHN G. REECE, II | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 783]. The United States opposes Defendant's motion [Doc. 788]. For the reasons that follow, the motion will be denied.

**I. BACKGROUND**

In June of 2014, Defendant was sentenced to 132 months of imprisonment based on his conviction for the manufacture of at least 50 grams of methamphetamine [Doc. 492]. He is presently housed at Allenwood Medium FCI, and according to the Bureau of Prisons ("BOP"), his projected release date is in November 2024. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited April 19, 2022). Defendant moves for compassionate release based on COVID-19 and his health conditions, which he asserts include obesity and "chronic care status" [Doc. 783].[1]

**II. APPOINTMENT OF COUNSEL**

Defendant asks the Court to appoint counsel to represent him in his motion for compassionate release [Doc. 783]. There is no constitutional right to an attorney in post-conviction

---

[1] Defendant also suggests that release is appropriate because he is a "nonviolent drug offender and [has] served about 75% of [his] sentence" [Doc. 783]. While these facts are relevant to the sentencing factors under 18 U.S.C. § 3553(a), they are not factors that the Court could consider as extraordinary and compelling grounds for a sentence reduction.

proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary pro se litigant. Moreover, pursuant to this court's Standing Order SO-21-09, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who file a pro se § 3582(c)(1)(A) motion. FDSET has filed notice that, after review of the defendant's case, it does not plan to submit any pleadings [Doc. 787]. Therefore, the Court does not find that the interests of justice require further appointment of counsel in this matter.

### III. COMPASSIONATE RELEASE

#### A. Legal Standard

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**B.  Analysis**

Defendant submitted a request for compassionate release to the warden at his prison and his request was denied [Doc. 788-1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

Defendant is 41 years old and suffers from myopia, back problems, mononeuropathy of lower limb, dental issues, dermatitis, and an amphetamine disorder, as documented in his medical

3

Case 2:13-cr-00046-JRG   Document 793   Filed 04/21/22   Page 3 of 5   PageID #: 2946

records from BOP [Doc. 789, at 1, 64]. He weighs approximately 235 pounds [*id.* at 1] and stands 6 feet tall [Doc. 415, at ¶ 54], yielding a body mass index of 31.9, which falls in the obese range. *See* Adult BMI Calculator, Centers for Disease Control, available at https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (accessed April 19, 2022). Of Defendant's medical conditions, the CDC has concluded that obesity and substance use disorders "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 19, 2022). Thus, Defendant could be at an increased risk of serious illness from COVID-19. [2]

However, obesity and substance use disorders are not uncommon. Significantly, Defendant is fully vaccinated [Doc. 789, at 70, 108–09]. Defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Further, the virus appears to be fairly well controlled at Defendant's prison. Allenwood Medium FCI currently reports zero inmate cases and zero staff cases of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited April 19, 2022). While it is possible that Defendant's prison will experience a COVID-19 outbreak in the future, the Court cannot grant compassionate release based on that possibility. *See United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will

---

[2] Defendant believes he previously contracted COVID-19 and recovered, although he was not tested at the time [Doc. 783]. He does not report suffering any serious complications from the supposed infection [*See id.*].

4

Case 2:13-cr-00046-JRG   Document 793   Filed 04/21/22   Page 4 of 5   PageID #: 2947

contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release.")

In light of the facts discussed above, the Court does not find that Defendant has shown extraordinary and compelling reasons for a sentence reduction.

Because the requirement of extraordinary and compelling reasons has not been met, the Court need not consider the factors under 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519.

## IV. CONCLUSION

For the reasons set forth above, Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 783] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE